```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND


_____
                                   )
MICHAEL CARDIFF and                )
BARBARA CARDIFF,                   )
        Plaintiffs,                )
                                   )
     v.                            )    C.A. No. 10-39 S
                                   )
NATIONAL GRANGE MUTUAL             )
INSURANCE COMPANY,                 )
        Defendant.                 )
_____)
                                   )
NGM INSURANCE COMPANY,             )
        Plaintiff,                 )
                                   )
     v.                            )    C.A. No. 11-292 S
                                   )
ALBERT LORENZO JR., d/b/a          )
A LORENZO MASONRY;                 )
MICHAEL CARDIFF;                   )
and BARBARA CARDIFF,               )
        Defendants.                )
_____)
```

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court are: National Grange Mutual Insurance Company's (NGM)[1] Partial Objection to the Report and Recommendation Regarding the Cardiffs' Motion to Dismiss the Amended Complaint (ECF No. 27, C.A. No. 11-292) (hereinafter "NGM's Partial Objection"); Appeal from the Order Denying NGM's Motion to Sever (ECF No. 52, C.A. No. 10-39); Appeal from an

---

[1] NGM is Defendant to C.A. No. 10-39 S and Plaintiff in C.A. No. 11-292 S.

Order Granting the Motion to Consolidate (ECF No. 51, C.A. No. 10-39); and Appeal of Judge Magistrate Martin's Memorandum and Order on Motion to Strike Supplemental Answers to Interrogatories (ECF No. 55, C.A. No. 10-39). The Court held a hearing on NGM's appeals and Partial Objection on May 30, 2012.

After carefully reviewing the memoranda filed before this Court and before the Magistrate Judge, the Court denies NGM's appeals, rejects NGM's Partial Objection, and adopts the Report and Recommendation (ECF No. 23, C.A. No. 11-292). Most of NGM's arguments were addressed thoroughly by the Magistrate Judge, and the Court does not need to address them a second time. However, one issue deserves some brief discussion.

The Magistrate Judge, in his Memorandum and Order Granting in Part Motion to Compel and/or Strike ("Order on Motion to Strike") (ECF No. 47, C.A. No. 10-39), granted the Cardiffs' motion to strike portions of NGM's supplemental answers to interrogatories, which were served after the close of discovery on July 5, 2011. Judge Martin granted the motion on the grounds that the answers were supplemented in an untimely fashion and, therefore, were prejudicial to the Cardiffs' ability to conduct thorough discovery and to prepare for trial. On appeal, NGM argued to this Court that the coverage defenses that it asserted in its supplemental responses were not untimely because the information necessary to assert those defenses (i.e., that L&G

Construction purportedly was not a d/b/a, but rather a partnership) was not available earlier to NGM.

Consideration of NGM's argument calls on the Court to take a fresh look at this issue, reviewing the matter de novo. Because this is not the usual standard applied to appeals of magistrate judge orders, a few words are in order. The Court discussed this point at some length in Credit Northeast Inc. v. Global Equity Lending, Inc., 748 F. Supp. 2d 134, 136 (D.R.I. 2010). Suffice it to say that federal courts have recognized that some pretrial matters must be reviewed de novo if the disposition is "dispositive of a claim or defense" within the meaning of Rule 72 of the Federal Rules of Civil Procedure. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 5-6 (1st Cir. 1999). Accordingly, the Court will review de novo the Order on Plaintiff's Motion to Strike because that Order effectively precludes a defense that may have otherwise been available to NGM.

The Court has carefully considered NGM's argument and finds it unpersuasive. As the Magistrate Judge said, "the facts contained in the supplemental answers were known (or should have been known) to NGM well in advance of the June 30, 2011, deadline for completion of fact discovery." (Order on Motion to Strike 19, ECF No. 47.) The Magistrate Judge detailed the efforts that the Cardiffs undertook, beginning with propounding

3

interrogatories on August 2, 2010, aimed at discovering whether NGM would assert additional coverage defenses. Indeed, in NGM's Objection to the Cardiff's Motion to Strike, it states that it "should not be penalized for not highlighting that obvious connection to plaintiffs. . . ." As this statement implies, coverage was an "obvious" issue, one which NGM should have investigated long before July 5, 2011. Accordingly, NGM's Appeal from the Memorandum and Order Granting in Part Motion to Compel and/or Strike is DENIED.

The Report and Recommendation filed on February 24, 2012, is ADOPTED, and Plaintiff NGM's Partial Objection is REJECTED. NGM's Appeals from the Order Denying NGM's Motion to Sever (ECF No. 52, C.A. No. 10-39); Order Granting the Motion to Consolidate (ECF No. 51, C.A. No. 10-39); and Order on Motion to Strike Supplemental Answers to Interrogatories (ECF No. 55, C.A. No. 10-39) are all DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: June 12, 2012